## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-cr-203-PAM-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| FRANCISCO MIGUEL RODRIGUEZ VALENZUELA, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery and disclosure. The Court held a hearing on the motions on November 3, 2020. The Defendant, Francisco Miguel Rodriguez Valenzuela, and his counsel appeared for the hearing via videoconference, pursuant to Mr. Rodriguez Valenzuela's consent. Based on the parties' motions and the oral argument at the hearing, the Court enters the following Order.

**1.     The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. 19).**

The government seeks discovery and disclosure pursuant to several provisions in the Federal Rules of Criminal Procedure. The motion is **GRANTED IN PART** to the extent that Mr. Rodriguez Valenzuela must provide discovery and disclosure as required by the Rules. The government also seeks a deadline for expert disclosures. The government shall make any expert disclosures **at least four weeks prior to trial**. Mr. Rodriguez Valenzuela shall make his expert disclosures **at least three weeks prior to trial**.

**2.     Mr. Rodriguez Valenzuela's Motion for Discovery (ECF No. 25).**

Mr. Rodriguez Valenzuela asks the Court to order the government to provide discovery as required by the Federal Rules of Criminal Procedure and other applicable laws. His counsel notes that he received discovery from the government in late September and there are no obvious omissions from the information provided. Nevertheless, the defense seeks a discovery order to ensure that the government is obliged to provide information and for the establishment of a schedule for expert disclosures. The motion for discovery is

1

**GRANTED** and the parties shall follow the expert-disclosure schedule established in Paragraph 1 of this Order.

### 3.    Mr. Rodriguez Valenzuela's Motion for Release of *Brady* Materials (ECF No. 26).

Mr. Rodriguez Valenzuela asks the Court to issue an Order requiring the government to provide information favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66, and *Moore v. Illinois*, 408 U.S. 786 (1972). The government states: (1) that it is aware of its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny; (2) that it has complied with, and will continue to comply with its obligations; and (3) that it has already disclosed or will timely disclose any evidence that is both favorable to the defense and material to either guilt or punishment. Gov't Resp. at 8–9 [ECF No. 36]. Mr. Rodriguez Valenzuela's motion is **GRANTED**. *Brady*, *Giglio*, and their progeny provide an ongoing constitutional obligation for the government to disclose information favorable to the defense. **Within 10 days of the date of this Order**, the government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must **promptly supplement** its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

### 4.    Mr. Rodriguez Valenzuela's Motion to Retain Rough Notes (ECF No. 27).

Mr. Rodriguez Valenzuela seeks an order requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. The government does not object to the motion and states that it has already instructed the agents to do so. Gov't Resp. at 10. The motion is **GRANTED**. Disclosure of rough notes is not required by this Order.

### 5.    Mr. Rodriguez Valenzuela's Motion to Disclose Government's Intent to Introduce Any Rule 404(b) Evidence (ECF No. 28).

Mr. Rodriguez Valenzuela seeks an order requiring the government to provide notice of its intent to introduce any evidence of other crimes, wrongs, or bad acts pursuant to Federal Rule of Evidence 404(b). The government does not object to the request except to the extent it seeks immediate disclosure and proposes that it will provide the notice required under Rule 404(b) two weeks prior to trial. Gov't Resp. at 11. The motion is **GRANTED IN PART**. Immediate disclosure is not required. The government shall disclose any Rule 404(b) evidence **no later than three weeks prior to trial**.

6.      **Mr. Rodriguez Valenzuela's Motion for Early Disclosure of Jencks Act Material (ECF No. 29).**

Mr. Rodriguez Valenzuela asks the Court to issue an Order requiring the government to provide any materials covered by the Jencks Act two weeks prior to trial to avoid significant delay. The government asserts that the motion should be denied, but indicates that it will provide the defense with all Jencks Act materials no later than five days prior to trial. Gov't Resp at 11–12. The Jencks Act provides that in a federal criminal case "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Eighth Circuit has held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008). Accordingly, Mr. Rodriguez Valenzuela's motion must be **DENIED**. However, pursuant to the government's representation in its response to the motions, the government will disclose Jencks Act material at least five days prior to trial to avoid any unnecessary delays. The Court encourages the government to make the disclosures even sooner and, wherever possible, to engage in open-file discovery in the interest of avoiding trial delays and fairness to the accused.

Date: November 23, 2020

 _s/ Katherine Menendez_
Katherine Menendez
United States Magistrate Judge