UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-203 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Francisco Miguel Rodriquez Valenzuela, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Kate M. Menendez dated February 3, 2021. (Docket No. 56.) The R&R recommends denying Defendant Francisco Miguel Rodriquez Valenzuela's Motion to Suppress. The Defendant filed timely objections to the R&R (Docket No. 58) and the Government responded to those objections (Docket No. 59). The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Facts necessary to an understanding of the legal discussion will be incorporated into the discussion below.

On August 23, 2020, at 10:00 p.m., a security guard for the Sportsman's Guide in South St. Paul, Minnesota, called 911 to report that a man parked in a dark sedan in the store's parking lot was observably on drugs, noticeably counting money, and unable to

coherently answer the security guard's question as to why he was there. (R&R at 2.) The security guard also stated that the man refused to leave. (Id.) Two South St. Paul police officers responded to the call and arrived a couple of minutes later, where they found that Defendant's car was the only running vehicle in the parking lot. (Id.) As the officers approached in their vehicles, Defendant slowly began driving toward the exit, but the officers prevented him from leaving. (Id. at 3.) During that traffic stop, they recovered a handgun, methamphetamine, and more than $50,000 in cash. (Id.)

Defendant moved to suppress evidence obtained during the traffic stop, contending that the stop was made without reasonable suspicion of criminal activity. (Docket No. 30.) The R&R recommends denying Defendant's Motion to Suppress. For the following reasons, the Court adopts the R&R.

**DISCUSSION**

Defendant first objects that the security guard's 911 call did not provide sufficient reasonable suspicion that he was engaged in criminal activity. (Def.'s Obj. (Docket No. 58) at 4-5.) On the call, the security guard described Defendant as impaired and unable to articulate his reason for being parked outside of a closed business at night, while counting money and refusing to leave. The R&R correctly found that based on the totality of the circumstances and the officers' training and experience, they had reasonable, articulable suspicion that Defendant was engaged in criminal activity. (R&R at 7-8.) Defendant's objection as to this point is without merit.

Defendant further objects that the officers did not have reasonable suspicion to apprehend him because the security guard's description of Defendant's vehicle was

inaccurate. (Def.'s Obj. at 2.) The security guard described Defendant's car as a black Honda Civic, when it was a blue Nissan Sentra. (Id. at 4.) As the R&R found, it is reasonable that the security guard's observation of the vehicle's exact color and make was obscured in the darkness. (R&R at 7.) Moreover, when the officers arrived, Defendant's vehicle was the only running vehicle in the lot and parked as the security guard described, and Defendant matched the security guard's description of the vehicle's occupant. (Id.) Defendant's objection to the R&R's finding that the officers did not have reasonable, articulable suspicion to stop Defendant's car is overruled. The evidence from the investigatory stop need not be suppressed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 56); and
2. Defendant Francisco Miguel Rodriquez Valenzuela's Motion to Suppress (Docket No. 30) is **DENIED**.

Date: March 15, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge